[661 NYS2d 651]

In the Matter of DENNIS BEIRNE McCORMICK, a Disbarred Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 4, 1997

APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Matthew Renert* of counsel), for petitioner.

*Martin R. Goldberg,* Middletown, for respondent.

## OPINION OF THE COURT

Per Curiam.

The petition contains 13 charges of professional misconduct against the respondent. By stipulations dated May 31, 1996 and July 25, 1996, Charges One, Two, Seven, and Thirteen were amended, and the parties agreed to the prosecution of a supplemental petition containing four additional charges of professional misconduct against the respondent. After a hearing, the Special Referee sustained all of the charges, except Charge Twelve. The Grievance Committee now moves to confirm the report of the Special Referee. In response, the respondent submits an affirmation in which he argues that, since he has already been disbarred for two years, an additional sanction is not warranted and he should be reinstated to the practice of law.

Charge One, as amended, alleged that the the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]):

1. The respondent was retained by Agnes Kelly to defend her in connection with a third-party action brought by her estranged daughter-in-law to impose a constructive trust on real property that Ms. Kelly, her son, and her daughter-in-law held as joint tenants.

2. The respondent failed to notify Ms. Kelly that her daughter-in-law moved for summary judgment.

3. The respondent failed to respond to the motion and summary judgment was granted.

4. The respondent failed to notify Ms. Kelly of the motion and subsequent decision granting summary judgment and to provide her with copies thereof.

Charge Two, as amended, alleged that, based on the foregoing factual allegations, the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), by failing to communicate with a client.

Charge Three alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in

violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), by failing to communicate with a client and/or her new attorney:

1. The allegations contained in Charges One and Two are repeated and realleged as if fully set forth herein.

2. Upon information and belief, Ms. Kelly retained a new attorney, for an additional fee of $1,800, to vacate the judgment and contest the summary judgment motion.

3. Upon information and belief, Ms. Kelly and/or her new attorney made numerous attempts to contact the respondent.

4. The respondent failed to respond.

Charge Four alleged that the respondent failed to execute a change-of-attorney form, in violation of Code of Professional Responsibility DR 2-110 (A) (2) (22 NYCRR 1200.15 [a] [2]):

1. The allegations contained in Charges One through Three are repeated and realleged as if fully set forth herein.

2. The respondent failed to respond to the repeated requests of Ms. Kelly and/or her new attorney to execute a change-of-attorney form.

Charge Five alleged that the respondent failed to give a client file to substitute counsel, in violation of Code of Professional Responsibility DR 2-110 (A) (2) (22 NYCRR 1200.15 [a] [2]):

1. The allegations contained in Charges One through Four are repeated and realleged as if fully set forth herein.

2. The respondent failed to respond to repeated requests to turn Ms. Kelly's file over to new counsel.

Charge Six alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), by failing to account to a client for services rendered:

1. The allegation contained in Charge One, paragraph 1, is repeated and realleged as if fully set forth herein.

2. Ms. Kelly paid the respondent a $900 retainer fee.

3. Despite her request, the respondent failed to give Ms. Kelly an accounting.

Charge Seven, as amended, alleged that the respondent failed to refund an unearned retainer fee, in violation of Code of Professional Responsibility DR 2-110 (A) (3) (22 NYCRR 1200.15 [a] [3]):

1. The allegations contained in Charge Six, paragraphs 1 to 3, are repeated and realleged as if fully set forth herein.

2. Upon information and belief, the respondent never refunded any portion of Ms. Kelly's retainer fee.

Charge Eight alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), by failing to cooperate with an investigation of the Grievance Committee for the Ninth Judicial District, in violation of 22 NYCRR 691.4 *(l)* (1) (i):

1. The allegations contained in Charges One through Seven are repeated and realleged as if fully set forth herein.

2. On or about August 2, 1994, the respondent represented to a Grievance Committee legal intern that there were some mitigating factors that he wanted the Committee to consider in connection with its investigation of the Kelly complaint. He was advised to submit them to the Committee in writing.

3. The respondent failed to do so.

4. Counsel for the Committee telephoned the respondent on August 12, 1994, to remind him of his stated intention to provide the Committee with a written statement. The respondent was not in, and counsel left a message with his secretary, asking him to return the telephone call.

5. The respondent did not return the call.

Charge Nine alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), by failing to maintain proper registration as an attorney and counselor-at-law, in violation of Judiciary Law § 468-a and 22 NYCRR 118.1:

1. The Grievance Committee for the Ninth Judicial District authorized a *sua sponte* complaint against the respondent for failing to register with the Office of Court Administration for the 1992-1993 registration period.

2. On or about March 21, 1994, the Committee mailed the complaint to the respondent and instructed him to submit a written explanation for his failure to register within 10 days of its receipt.

3. The respondent failed to answer the complaint.

4. On or about April 8, 1994, the Committee mailed a certified letter to the respondent's office, return receipt requested, instructing him to submit a written answer to the complaint within 10 days and advising him that his failure to do so would be considered professional misconduct regardless of the merits of the complaint.

5. After three unsuccessful attempts to deliver the letter, on or about May 2, 1994, the post office returned the letter to the Committee as unclaimed.

6. The Committee's investigator attempted to telephone the respondent on or about May 11 and May 26, 1994. The respondent was not in the office on both occasions, and the investigator left messages with the respondent's secretary, asking the respondent to contact the Committee regarding his registration status.

7. The respondent did not return either call.

8. The respondent was served with a judicial subpoena on or about June 23, 1994, commanding him to give sworn testimony before the Committee on July 11, 1994.

9. On or about the same date, the Committee received copies of the respondent's biennial registration form for the 1992-1993 registration period (captioned "Final Notice" and dated October 26, 1993), which was executed on or about June 13, 1994, and a $300 check dated June 18, 1994.

Charge Ten alleged that, based on the allegations contained in Charge Nine, paragraphs 1 to 7, the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), by failing to cooperate with an investigation of the Grievance Committee for the Ninth Judicial District, in violation of 22 NYCRR 691.4 (l) (1) (i).

Charge Eleven alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), by failing to maintain proper registration as an attorney and counselor-at-law in violation of Judiciary Law § 468-a and 22 NYCRR 118.1:

1. The respondent was required to register with the Office of Court Administration and pay his biennial registration fee for the 1994-1995 registration period on or about June 24, 1994.

2. As of November 30, 1994, the respondent failed to register.

Charge Thirteen, as amended, alleged that the respondent engaged in conduct prejudicial to the administration of justice and adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]), by failing to give a client adequate notice of a hearing date:

1. The respondent was retained by Lance Watson to represent him with respect to a matrimonial/custody matter.

2. By a letter dated April 19, 1994, postmarked April 25, 1994, and received on or about April 27, 1994, the respondent notified Mr. Watson that an inquest in his matrimonial action was scheduled for April 25, 1994.

3. The inquest, which took place in Mr. Watson's absence, was attended by the respondent on or about April 25, 1994. At the inquest, Mr. Watson's wife was granted a divorce based on cruel and inhuman treatment.

Charge Fourteen alleged that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]):

1. In or about August 1985, the respondent agreed to represent Loretta Modesto in her efforts to collect $11,386.27 from Stanley McCloud, to whom Ms. Modesto alleged she loaned the aforementioned sum.

2. On or about September 9, 1985, the respondent caused a summons and complaint to be served on Mr. McCloud.

3. In or about May 1989, the respondent served a second summons and complaint on Mr. McCloud.

4. Upon information and belief, Mr. McCloud did not answer either of the complaints served on Ms. Modesto's behalf.

5. Notwithstanding frequent communications from Ms. Modesto, the respondent failed to take appropriate action to prosecute the matter and to obtain a judgment on Ms. Modesto's behalf.

6. From about 1986 through 1989, at least five judgments were obtained and filed against Stanley McCloud by creditors other than Ms. Modesto.

Charge Fifteen alleged that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]), by failing to communicate with a client and/or her new attorney:

1. The allegations contained in Charge Fourteen, paragraph 1, are repeated and realleged as if fully set forth herein.

2. Upon information and belief, Ms. Modesto subsequently retained a new attorney, Arthur Perry, to pursue her claim against Stanley McCloud.

3. Upon information and belief, Mr. Perry made numerous attempts to contact the respondent.

4. The respondent failed to respond to Mr. Perry's inquiries.

Charge Sixteen alleged that the respondent failed to execute a substitution-of-attorney form, in violation of Code of Professional Responsibility DR 2-110 (A) (2) (22 NYCRR 1200.15 [a] [2]):

1. The allegations contained in Charge Fourteen, paragraph 1, and Charge Fifteen, paragraph 1, are repeated and realleged as if fully set forth herein.

2. By a letter dated February 19, 1993, Mr. Perry provided the respondent with an executed and notarized substitution-of-attorney form and asked the respondent to sign it and return it to him.

3. The respondent failed to respond to Mr. Perry's request to execute the substitution-of-attorney form.

Charge Seventeen alleged that the respondent engaged in conduct prejudicial to the administration of justice and conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (A) (5) and (8) (22 NYCRR 1200.3 [a] [5], [8]), by failing to maintain a file and/or provide it to the petitioner when requested to do so:

1. In or about June 1996, Ms. Modesto filed a complaint with the Grievance Committee for the Ninth Judicial District based on the allegations contained in Charges Fourteen through Sixteen.

2. The Grievance Committee, in the course of its investigation of Ms. Modesto's complaint, requested the respondent's file in connection with the matter.

3. By a sworn affidavit dated July 9, 1996, the respondent advised the Grievance Committee that he was unable to locate the file or files once maintained by him in connection with the matter.

The respondent served an answer dated March 5, 1996, which was amended by the stipulation dated May 31, 1996. With the exception of Charge Three, paragraph 2, the respondent admitted the factual allegations contained in Charges One through Eleven and Seventeen. The respondent admitted the factual allegations contained in Charge Thirteen, except that he denied knowledge or information sufficient to form a belief about when the letter that he sent to Mr. Watson was postmarked and received. The respondent admitted the factual allegations contained in Charge Fourteen, paragraphs 1 through 4, and he admitted that he failed to take appropriate timely action to obtain a judgment on Ms. Modesto's behalf. The respondent denied knowledge or information sufficient to

form a belief about the factual allegations contained in Charge Fifteen, paragraphs 2 and 3, and Charge Sixteen, and denied the factual allegation contained in Charge Fifteen, paragraph 4.

In view of the evidence adduced at the hearing and the respondent's admissions, the Special Referee properly sustained Charges One through Eleven and Thirteen through Seventeen. Thus, the Grievance Committee's motion to confirm the report of the Special Referee is granted.

The respondent's prior disciplinary history consists of a letter of admonition dated December 2, 1993, for neglecting a legal matter and for failing to cooperate with the Grievance Committee.

In determining the appropriate measure of discipline to impose, the Court has considered the character evidence and the substantial mitigation evidence regarding the respondent's mental condition that was adduced at the hearing.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of one year.

MANGANO, P. J., BRACKEN, ROSENBLATT, O'BRIEN and GOLDSTEIN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Dennis Beirne McCormick, is suspended from the practice of law for a period of one year, commencing immediately, and continuing until further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof that (a) during the said period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Dennis Beirne McCormick, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving

to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.